# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAVON LOFLAND, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 13-370 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| WESTERN PSYCHIATRIC INSTITUTE AND CLINIC OF UPMC PRESBYTERIAN SHADYSIDE, *incorrectly designated as "Westurn Psych,"* | ) ) ) ) ) ) | |
| | ) | |
| Defendant.[1] | ) | |

## ORDER

For the reasons that follow, Defendant's Motion to Dismiss (Doc. 5) will be granted.

Plaintiff has filed this lawsuit, *pro se*, under 42 U.S.C. § 1983. *See generally* Compl. (Doc. 2) *and* Civil Cover Sheet (filed under Doc. 1-3) (identifying Section 1983 as basis for relief). Plaintiff alleges that he was physically assaulted by another patient at WPIC during his voluntary commitment at the facility in February 2013. *See generally* Compl. Plaintiff's allegations recount, convincingly and with sincerity, a very unfortunate incident that has occurred on his path to self-betterment.

As Defendant asserts, however, the Complaint does not contain allegations that establish, or reasonably infer, action taken under color of state law. *See generally* Def.'s Br. (Doc. 6)

---

[1] Counsel for Defendant has explained that the correct party-defendant is Western Psychiatric Institute and Clinic of UPMC Presbyterian Shadyside ("WPIC"), as opposed to "Westurn Psych," as designated by Plaintiff. *See* Doc. 4. Plaintiff has not disputed that WPIC is the correct party-defendant, and, thus, Defendant's implicit request to amend the caption hereby is GRANTED. The Clerk of Court shall amend the caption accordingly.

at 3-4.[2]  There exists no basis for the Court to exercise federal subject matter jurisdiction, and Defendant's Motion must be granted.

To the extent that Plaintiff's allegations may support viable claim(s) under state law, dismissal of his federal claim counsels against an exercise of supplemental jurisdiction. *See* Bright v. Westmoreland County, 380 F.3d 729, 751 (3d Cir. 2004) ("absent extraordinary circumstances, where the federal causes of action are dismissed[,] the district court should ordinarily refrain from exercising [supplemental] jurisdiction") (citation to quoted source and internal alterations omitted).  The Court does not believe that its adjudication of Plaintiff's state law claims, if any, would meaningfully advance the interests of judicial economy, convenience or fairness to the parties.  Thus, an exercise supplemental jurisdiction is not warranted.  *See id.*

For the reasons stated above, Defendant's Motion to Dismiss (**Doc. 6**) is **GRANTED**, although the dismissal is made without prejudice to Plaintiff's seeking relief, if and as appropriate, in state court.

In closing, the Court expresses sympathy for Mr. Lofland regarding the very unfortunately incident described in the Complaint, and the Court remains hopeful that Plaintiff can and will overcome this and any other obstacles that may arise on his path to well-being and contentment.

IT IS SO ORDERED.


May 22, 2013                                                                         s\Cathy Bissoon
                                                                   Cathy Bissoon
                                                                   United States District Judge

---

[2]  Plaintiff has not opposed this or any other aspect of Defendant's Motion to Dismiss. *Compare* Order dated Apr. 8, 2013 (Doc. 10) (directing Plaintiff to respond to Defendant's Motion by April 29, 2013) *with* remainder of docket (revealing no response to Motion).

cc (via ECF email notification):

All Counsel of Record


cc (via First-Class U.S. Mail):

Shavon Lofland
4812 Rosetta Street
Pittsburgh, PA  15224